# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| TRAVIS J. GARRETT, | Civil Action No.: |
| Plaintiff, | |
| vs. | |
| COLLINS ASSET GROUP, LLC, | **COMPLAINT** |
| Defendant. | **DEMAND FOR JURY TRIAL** |

## COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

Plaintiff Travis J. Garrett ("Plaintiff") brings this action against Collins Asset Group LLC ("Defendant" or "CAG") on an individual basis, and alleges based upon Plaintiff's personal knowledge, the investigation of counsel, and upon information and belief, as follows:

## PRELIMINARY STATEMENT

1.  In 1977 Congress enacted Title 15 of the United States Code § 1692 *et seq.*, commonly referred to as the Fair Debt Collection Practices Act ("FDCPA") in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id*. Congress concluded that "existing laws . . . [we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2.  Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "ensure that those debt collectors who refrain from using

abusive debt collection practices are not competitively disadvantaged." *Id.*; § 1692(e). After determining that the existing consumer protection laws were inadequate, Congress gave consumers a private cause of action against debt collectors who failed to comply with the Act. *Id.*; § 1692k.

3. In determining whether a collection letter violates the FDCPA, courts in the Eleventh Circuit apply the "least sophisticated consumer standard." *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185 (11th Cir. 2010). The standard takes into account that consumer protection laws are not made for the protection of experts, but for the public, which includes the credulous and the naïve.

4. Under the least sophisticated consumer standard, debt collection activity may violate the FDCPA if a communication constitutes a deceptive means to collect an alleged debt. For instance, if a debt collector communicates to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed. 15 U.S.C. § 1692e(8).

5. The FDCPA does not ordinarily require proof of an intentional violation, and is considered a strict liability statute, whereby a single violation is sufficient to establish civil liability against the debt collector.

## JURISDICTION AND VENUE

6. The Court has jurisdiction over this action under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d). If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

7. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where the Plaintiff resides and where a substantial part of the events or omissions giving rise to the claim occurred.

## PARTIES

8. Plaintiff is a natural person and a resident of Fort Myers, Florida.

9. Plaintiff is a "Consumer" as defined by 15 U.S.C. § 1692(a)(3).

10. Upon information and belief, Defendant's principal place of business is located at 5725 East Highway 290, Austin, Texas 78735 and its designated agent for service of process is URS Agents, LLC, located at 3458 Lakeshore Drive, Tallahassee, Florida 32312.

11. Upon information and belief, Defendant is a company that uses the mail, telephone, and facsimile, and regularly engages in business, the principal purpose of which is to attempt to collect debts alleged to be due another.

12. Defendant is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

## STATEMENT OF FACTS

13. Some time on, or prior to, August 26, 2016, an alleged debt was incurred to Pittsburgh Auto Depot Inc. ("Pittsburgh Auto").

14. This alleged debt of $7,320.00 purportedly owed to Pittsburgh Auto arose out of a transaction in which money, property, insurance, or services, which are the subject of the transaction, are primarily for personal, family, or household purposes.

15. The debt to Pittsburgh Auto went into default and was assigned to Defendant for collection sometime prior to June 20, 2020, at an exact date and time known only to Defendant.

16. In an effort to collect on this alleged debt, Defendant reported the alleged debt of $7,320.00 to nationwide credit reporting agencies Experian and TransUnion.

17. On March 02, 2020, Plaintiff mailed a written dispute of the alleged debt to Pittsburgh Auto to both Experian and TransUnion, respectively. The letters were sent by certified mail, and the mailing receipts indicate that Experian and TransUnion received Plaintiff's dispute

letter on April 17, 2020.

18. Pursuant to 15 U.S.C. § 1681i(a)(2)(A), within five business days of receipt of any consumer dispute, credit reporting agencies such as TransUnion and Experian are required to provide notification of the dispute to any furnisher of the information in dispute.

19. Accordingly, upon information and belief, TransUnion and Experian notified Defendant of Plaintiff's dispute of the Pittsburgh Auto debt.

20. On June 24, 2020, Plaintiff obtained and reviewed a copy of his consumer background report issued by Experian. The Experian report reflected that Defendant had furnished information regarding Plaintiff's disputed debt to Pittsburgh Auto on June 20, 2020. The debt was not marked as disputed. Defendant had not marked, or caused to be marked, Plaintiff's disputed debt as disputed.

21. On July 01, 2020, Plaintiff obtained and reviewed a copy of his consumer background report issued by TransUnion. The TransUnion report reflected that Defendant had furnished information regarding Plaintiff's disputed debt to Pittsburgh Auto on June 27, 2020. The disputed debt indicated it was placed for collection and was not marked as disputed. Defendant had not marked, or caused to be marked, Plaintiff's disputed debt as disputed.

22. Defendant's failure to mark the collection account as disputed was material because it impaired Plaintiff's credit rating and his ability to obtain additional credit.

23. Moreover, the failure to mark a disputed debt as disputed would cause the least sophisticated consumer to become confused and uncertain about their right to dispute a debt, and the benefits of doing so.

24. Defendant, by continuing to report the disputed debt to credit reporting agencies when it knew the debt was disputed, used false, deceptive and misleading means to collect the

Debts.

25. As a result of these false, deceptive and misleading practices, Plaintiff was harmed.

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692e *et seq*.

26. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

27. Defendant's debt collection efforts attempted and/or directed towards Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

28. Pursuant to 15 U.S.C. § 1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

29. Pursuant to 15 U.S.C. § 1692e(8), a debt collector is prohibited from "communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including failure to communicate that a disputed debt is disputed."

30. Defendant failed to mark the Debts as disputed and Plaintiff was harmed.

31. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated § 1692e *et seq*. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendant as follows:

(a) Awarding Plaintiff statutory damages;

(b) Awarding Plaintiff actual damages;

(c) Awarding Plaintiff costs of this action, including reasonable attorneys' fees and expenses;

(d) Awarding pre-judgment interest and post-judgment interest; and

(e) Awarding Plaintiff such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

DATED: July 31, 2020

**COHEN & MIZRAHI LLP**
YOSEF STEINMETZ
Florida Bar No. 119968

  /s/ Yosef Steinmetz
YOSEF STEINMETZ

300 Cadman Plaza West, 12th Floor
Brooklyn, NY  11201
Telephone:  929/575-4175
929/575-4195 (fax)
yosef@cml.legal

*Attorneys for Plaintiff*